UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN PFEIFFER, *Warden*; *et al.*,<br><br>Defendants. | No. 1:20-cv-00320-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 2, 5) |

Plaintiff Travon Leon Freeman is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied because he had accumulated at least three "strikes" under 28 U.S.C. § 1915(g) and did not satisfy the section's imminent danger exception. (Doc. No. 5.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 2–3.) Plaintiff filed timely objections and a "notice"[1] with the court on March 19, 2020. (Doc. Nos. 6, 7.)

---

[1] Having reviewed the notice, the court will construe it as a part of plaintiff's objections.

1

1       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this court has conducted a
2  *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
3  objections, the court concludes that the findings and recommendations are supported by the
4  record and proper analysis.

5       In his objections, plaintiff argues that the magistrate judge erred in finding that he had
6  accumulated at least three prior strike dismissals under § 1915(g), pointing to the decision issued
7  in an earlier case brought by him, *Freeman v. Lynch*, No. 2:16-cv-0705-MCE-CMK-P, 2018 WL
8  3388611, at *1 (E.D. Cal. July 12, 2018), *findings and recommendations adopted*, No. 2:16-cv-
9  0705-MCE-DMC-P, 2018 WL 4409131 (E.D. Cal. Sept. 17, 2018) [hereinafter "*Freeman I*"].
10 (Doc. No. 6 at 2.) In that case, a judge of this court in 2018 determined that three of the four
11 cases[2] on which the pending findings and recommendations now relies upon as strike dismissals
12 did not qualify as such under the Ninth Circuit's decision in *Williams v. King*, 875 F.3d 500 (9th
13 Cir. 2017) because they were orders of dismissal issued by magistrate judges acting without the
14 consent of all parties, whether appearing as of yet in the action or not.[3]

15       However, *Freeman I* was decided before the decision in *Hoffmann v. Pulido*, 928 F.3d
16 1147 (9th Cir. 2019). In *Hoffmann* the Ninth Circuit specifically rejected the reasoning adopted
17 in *Freeman I* and relied upon by plaintiff here, holding that in such circumstances a prisoner
18 "cannot escape the consequences of [a] prior judgment"—even where the magistrate judge lacked
19 the authority to dismiss a case under *Williams*—"through an untimely collateral attack."
20 *Hoffmann*, 928 F.3d at 1150–51.
21 /////
22

---

[2] The four cases are: 1) *Freeman v. Adams*, No. 1:09-cv-02129-SKO (E.D. Cal. April 18, 2011); 2) *Freeman v. Julious*, No. 1:09-cv-02245-DLB (E.D. Cal. May 6, 2011); 3) *Freeman v. Hynse*, No. 1:09-cv-02146-GBC (E.D. Cal. Jan. 13, 2012); and 4) *Freeman v. Calderon*, No. 4:18-cv-06142-HSG (N.D. Cal. May 1, 2019). All four cases were dismissed in their entirety for failure to state a claim.

[3] In *Williams*, the Ninth Circuit held that a magistrate judge does not have the authority to dismiss a case unless *all* parties, even ones that had not been served, had consented to magistrate judge jurisdiction. 875 F.3d at 504–05.

Plaintiff attempts to sidestep this by arguing that the court is nevertheless estopped from revisiting the issue, having already decided in *Freeman I* that the three cases in question did not qualify as strikes.[4] However, it has been recognized that even assuming "the core requirements of issue preclusion are met, an exception to the general rule may apply when a change in the applicable legal context intervenes." *Von Staich v. Cal. Bd. of Parole Hearings*, No. 2:15-cv-1182-JAM-DBP, 2017 WL 2473147, at *2 (E.D. Cal. June 8, 2017), *findings and recommendations adopted*, No. 2:15-cv-1182-JAM-DBP, 2017 WL 6512135 (E.D. Cal. Dec. 20, 2017) (internal quotation marks omitted) (quoting *Bobby v. Bies*, 556 U.S. 825, 834 (2009)) (declining to apply issue preclusion to the counting of strikes under § 1915(g)).  This is particularly so when applying issue preclusion here would amount to a collateral attack on *three* judgments as well as a repudiation of the decision in *Freeman v. Kernan*, No. 2:17-CV-02233-TLN-AC, 2019 WL 4166800, at *1 (E.D. Cal. Sept. 3, 2019), *reconsideration denied*, No. 2:17-CV-02233-TLN-AC, 2020 WL 564786 (E.D. Cal. Feb. 5, 2020), where another judge of this court determined that the three prior case dismissals in question did in fact qualify as strikes under binding Ninth Circuit precedent as announced in *Hoffman*.

Therefore, the undersigned concludes that the magistrate judge properly identified the three prior case dismissals suffered by plaintiff as strikes under § 1915(g).

Accordingly:

1. The findings and recommendations issued on March 4, 2020 (Doc. No. 5) are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Within twenty-one (21) days following service of this order, plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action or face dismissal of this case; and

---

[4] Plaintiff asserts that res judicata, collateral estoppel, claim preclusion, and issue preclusion all apply. (Doc. No. 6 at 3.) Given the circumstances, plaintiff appears to be invoking the doctrine of collateral estoppel, also known as issue preclusion.

3

4. The matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **April 14, 2020**          /s/ Dale A. Drozd
                                    UNITED STATES DISTRICT JUDGE