UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN PFEIFFER, *et al.*,<br><br>Defendants. | No. 1:20-cv-00320-DAD-BAM (PC)<br><br>AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 12, 17) |

This order amends and supersedes the order issued on May 8, 2020. (Doc. No. 17.)

Plaintiff Travon Leon Freeman is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2020, the court adopted in full the March 4, 2020 findings and recommendations issued by the assigned magistrate judge. (Doc. Nos. 5, 9.) In that order, the court denied plaintiff's motion to proceed *in forma pauperis* ("IFP") and directed him to pay the required $400.00 filing fee in order to proceed with the action. (Doc. No. 9.) On April 30, 2020, plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60(b)[1] and filed notice

---

[1] The court notes that plaintiff's filing is styled in part as objections to the magistrate judge's March 4, 2020 findings and recommendations. (*See* Doc. No. 12.) Nevertheless, the court will construe his entire filing as a motion for reconsideration of the court's April 15, 2020 order.

1

of an appeal of the order to the Ninth Circuit. (Doc. Nos. 12, 13.)

As a preliminary matter, plaintiff cannot seek reconsideration of the court's decision to deny his application to proceed IFP under Rule 60(b), which governs the reconsideration of *final orders*. In contrast, a decision to deny an IFP application is an *interlocutory order*. *See, e.g.*, *Plant v. Skeem*, No. 1:14-cv-00154-BLW, 2015 WL 12866994, at *1 (D. Idaho June 2, 2015) (acknowledging the interlocutory nature of the denial of IFP); *Stoller v. Bank of New York Mellon Tr. Co.*, No. 2:11-cv-01105-GMS-JRI, 2011 WL 3511401, at *1 (D. Ariz. Aug. 10, 2011) (same). Thus, the court will review plaintiff's motion for reconsideration under Rule 54(b), which allows orders to be "revised at any time before the entry of a judgment[.]" *See Am. States Ins. Co. v. Ins. Co. of Pennsylvania*, 245 F. Supp. 3d 1224, 1225 (E.D. Cal. 2017) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter or revoke it.'") (citing *United States v. Martin*, 226 F.3d 1042, 1048–49 (9th Cir. 2000), *cert. denied*, 532 U.S. 1002 (2001)).

A motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

First, plaintiff argues that the court erred in finding that his complaint did not contain allegations meeting the "imminent danger" exception under 28 U.S.C. § 1915(g). (Doc. No. 12 at 2–6.) However, plaintiff's own complaint reflects that he failed to adequately allege that he faced

an "imminent danger of serious physical injury" *at the time the complaint was filed*.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007).  As plaintiff himself notes, he alleged in his complaint that he was in imminent danger "at the time the danger existed & not at the time of filing," referring to events that allegedly took place in September and October of 2019 while he was incarcerated at Kern Valley State Prison.  (*Id.* at 2, 4–5.)  However, plaintiff did not file this action until March 2, 2020, at which time he was imprisoned at Corcoran State Prison.  (Doc. No. 1.)  Thus, plaintiff did not allege in his complaint that he was in "imminent danger" at the time that complaint was filed.

With respect to plaintiff's renewed challenge to the court's determination that he had accumulated at least three prior strike dismissals under § 1915(g), the court addressed these arguments in detail in its April 15, 2020 order and declines to do so again given that plaintiff has presented no new evidence or legal authority that would support a different conclusion.  (*See* Doc. No. 9.)

Accordingly:

1. Plaintiff's motion for reconsideration (Doc. No. 12) is denied; and
2. The Clerk of the Court is directed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **May 8, 2020**

UNITED STATES DISTRICT JUDGE

3